976 So.2d 94 (2008)
Gregory JOSEPH, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-3123.
District Court of Appeal of Florida, Third District.
February 27, 2008.
*95 Gregory Joseph, in proper person.
Bill McCollum, Attorney General, for appellee.
Before WELLS, ROTHENBERG, and SALTER, JJ.
ROTHENBERG, Judge.
The defendant, Gregory Joseph ("Joseph"), appeals the trial court's denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
On March 31, 2005, Joseph entered a plea of guilty to the reduced charge of second-degree murder and to aggravated child abuse as a result of a negotiated plea with the State. At the time of the plea, the State summarized the evidence it was prepared to prove, and it explained to the trial court that, while the State had every reason to believe that the defendant would be found guilty of first-degree murder based upon the evidence, the plea had been extended to the defendant to spare the child's mother the trauma of a trial.
The State announced that it was prepared to prove that the child was in Joseph's legal custody and care when Joseph committed aggravated child abuse resulting in the child's death by kicking, striking, punching and stomping the child, practically severing the child's liver and causing his lungs to turn black from the bruising. When the trial court asked Joseph if he was pleading guilty to committing these acts because he was guilty, he replied in the affirmative.
The trial court also inquired whether Joseph understood the charges to which he was pleading, the sentences he was to receive, and the rights he was giving up, explaining each to Joseph on the record. In each instance Joseph, under oath, answered that he understood. In response to questions from the trial court, Joseph stated that: he had never had any psychological "difficulties," and did not have any at that time; he was not under the influence of any alcohol or drugs; he had an eleventh-grade education; he had not been promised anything other than what had been announced in open court; he had not been threatened in any way; he was satisfied with the services of his attorney; and his attorney had done everything Joseph had asked of him.
Although Joseph did not appeal his convictions and sentences, he has filed two postconviction motions. The first motion was filed as a petition for writ of habeas corpus, properly treated by the trial court as a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, and denied on the merits. The claims raised were that the indictment was defective and that his trial attorney provided ineffective assistance. This Court affirmed the trial court's order on January 3, 2007. See Joseph v. State, 947 So.2d 1177 (Fla. 3d DCA 2007) (table).
On May 7, 2007, Joseph filed a second motion for postconviction relief raising additional claims of ineffective assistance of counsel. The trial court denied the motion on the merits. It is this order from which Joseph now appeals.
*96 While we agree with the trial court that the plea colloquy clearly refutes Joseph's claims of ineffective assistance of trial counsel[1], we affirm the denial of his claims on procedural grounds. See Moore v. State, 820 So.2d 199, 205 (Fla.2002) (holding that a successive rule 3.850 motion can be denied as an abuse of process where the defendant failed to raise the issue in his previous motion for postconviction relief without reason); Franklin v. State, 923 So.2d 1199, 1199 (Fla. 3d DCA 2006) (finding that the claims raised could have been raised in the defendant's first motion for postconviction relief, and were, therefore, procedurally barred).
Affirmed.
NOTES
[1] Joseph claims his trial counsel was deficient in failing: to file "proper" pre-trial motions; seek appellate review of his admissions; investigate his case; evaluate his state of mind and mental health; and object to the amendment of the indictment. He additionally alleges that his plea was coerced.